Hillsborough,
No. 4384.

IN RE ERNEST C. FARNSWORTH.

Argued February 1, 1955.

Decided February 25, 1955.

*Louis C. Wyman,* Attorney General, *Elmer T. Bourque,* Law Assistant and *Conrad Danais,* county solicitor (*Mr. Bourque* orally), for the State.

*William D. Tribble* (by brief and orally), for the defendant.

GOODNOW, J. The only provision for a hearing to determine whether a person is a sexual psychopath is contained in s. 5 I of the sexual psychopath act (Laws 1949, c. 314) which reads as

follows: "If in the examination provided in section 4 the majority of the examining board make a report with the finding that the person examined is a sexual psychopath, within the meaning of this act, the court shall conduct a hearing."

The effect of this language was to provide that "no hearing thereon shall be held unless supported by a majority opinion of" an examining board appointed under s. 4. *In re Craft*, 99 N. H. 287, 288. We cannot adopt the defendant's contention that the Court's authority was not intended to be so limited. While it is true that the act seeks to benefit those who are sexual psychopaths as well as to protect society, the determination of whether a person is a sexual psychopath has been recognized to be one which "is based primarily on medical evidence." *In re Miller*, 98 N. H. 107, 108. Without the medical opinion of a majority of the board that a person is a sexual psychopath, there is no sufficient cause "to reasonably require a hearing to determine that condition." *In re Craft, supra,* 289.

A right to judicial determination of the defendant's mental condition does not result merely from the filing of the solicitor's petition. While it is true that such a petition, in the language of s. 3, must request the Court "to conduct an inquiry" into the condition of the person named in it, the extent to which the Court is authorized to inquire is limited by the terms of the statute. This limitation cuts both ways. Unless and until the majority of the examining board are of the opinion that the defendant is a sexual psychopath, neither the solicitor nor the defendant is entitled to be heard on the question of the defendant's condition. Until such a report is made, the proceeding is not an adversary one in the ordinary sense. If a majority of the board are of the opinion that the defendant is a sexual psychopath, his mental condition is then placed in issue. The board's opinion is not binding on the Court (*In re Mundy*, 97 N. H. 239, 240) but a hearing by the Court and a judicial determination is required by s. 5. If the opinion is otherwise, as it was in this case, the issue is not before the Court but the result is "a discontinuance of further proceedings under the petition." *In re Craft, supra,* 289. No determination was made by the board that the defendant was a sexual psychopath and no hearing by the Court is now permitted under the statute. The defendant is not thereby denied due process of law.

Under the statute, the Court has no jurisdiction to conduct a hearing nor to find the defendant to be a sexual psychopath after receiving a report of the examining board that he was not.

*Remanded.*

All concurred.